56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Maria PASTOR, a/k/a Maria Pasdor, Defendant-Appellant.
 No. 94-50421.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided May 24, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Pastor appeals her convictions for two counts of bank robbery. We affirm.
 
 A. Photo Spread Identifications
 
 3
 The photographs in the photo spread were all of females of generally similar facial characteristics. Pastor was the only one with short hair, which made her look more like a male than the others. This, she argues, made the lineup unduly suggestive.
 
 
 4
 However, the length of hair was not a factor in the witnesses' identification, with the possible exception of the identification by Roberta Wilson, who saw the suspect with no hat. She described the suspect as having a ponytail. She picked Pastor's picture from the photo spread because the "bone structure of the face was very memorable." Since the other witnesses did not see the robber without the baseball cap, the length of hair was not a factor in their identifications.
 
 
 5
 In reviewing a claim of improper identification by a photo spread, this court must first determine if the procedure was "so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification." United States v. Givens, 767 F.2d 574, 581 (9th Cir.) (internal quotations omitted), cert. denied, 474 U.S. 953 (1985). Under the unique facts of this case, we hold that the photo spread was not impermissibly suggestive. The facial features of the women were generally similar. While there was some confusion over whether the suspect was male or female, the facial structure and markings of defendant were such that the length of hair was not a factor in most witnesses' identification of her in the photo spread. See United States v. Carbajal, 956 F.2d 924, 929 (9th Cir. 1992) (fact that defendant was the only person in photo spread with discernible bruises on his face was insufficient to give rise to a very substantial likelihood of misidentification where all six photographs were of Hispanic males in the same age range, with similar skin, eye, and hair coloring).
 
 B. Sufficiency of Evidence
 
 6
 The in-court identifications of Pastor would have been admissible in any event because under the totality of the circumstances, they were reliable. United States v. Dring, 930 F.2d 687, 692-93 (9th Cir. 1991), cert. denied, 113 S. Ct. 110 (1992). Most of the witnesses were bank employees who paid careful attention to the robber's face. Some had previously identified her in the photo spread, and most identified her in court with a high degree of certainty, despite the nine-month time lapse. So even assuming the photo spread identifications were shown to be unduly suggestive and unreliable, the in-court identifications were properly admitted. See id.
 
 
 7
 At least one witness to each robbery positively identified Pastor as the robber. In addition there were other, although less positive, identifications. When the identification evidence is coupled with the informant's testimony and the facts which corroborated his testimony, the evidence was more than sufficient to convince any rational trier of fact of Pastor's guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3